PER CURIAM.
The judgment of the Board of Governors of The Florida Bar, entered October 4, 1963 in this disciplinary proceeding and filed in this court October 15, 1963, with the record and evidence and all proceedings had herein, came on to be reviewed by this court.
Pursuant to an amended complaint filed by The Florida Bar, respondent was charged with violation of the Canons of Professional Ethics 28, 33, 42 and 47, 31 F.S.A., and, in addition, violation of Rules 20, 27 and 29 of the Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A., as adopted by the Florida Supreme Court on December 6, 1955 and January 27, 1961, and further in violation of the Integration Rule, Article XI, Rule 11.02, Section (5), 31 F.S.A.
After hearing, the referee found that
“the respondent after being admitted to practice in Florida in 1958, had associated with him in his law office his brother, Robert B. Swidler, who was not a member of the Bar. The said Robert B. Swidler, in connection with said association, had his name placed upon the office door and upon the office building directory in the lobby. The said Robert B. Swidler interviewed clients of the respondent, passed out the respondent’s professional cards and on at least one occasion was proved to have solicited the legal representation of an automobile accident victim at Jackson Memorial Hospital, Miami, Florida. He also, on at least one occasion, delivered to a stranger who was not the client of respondent and who was also an accident victim, a printed pamphlet or brochure describing the benefits to be drived from the professional services of respondent’s law firm.”
Furthermore, it was observed by the Board that the Referee had said
“ ‘There can be no doubt from the testimony and statements that the respondent knew that his brother, Robert B. Swidler, was interviewing clients, or prospective clients, and soliciting business for and on behalf of the respondent.’ The referee further found that respondent in the three year period since beginning practice had filed or handled approximately two hundred (200 personal injury cases, all of which *866 resulted in recoveries of less than $10,-000.00.
“The referee concluded that the volume of such cases handled was the direct result of the activities of solicitation o-f the said Robert B. Swidler. He recommended that respondent be found guilty and that he be publicly reprimanded.”
After a final review the Board of Governors concurred in the findings and conclusions of the referee and thereupon
“ORDERED and ADJUDGED that respondent be publicly reprimanded by judgment of this Board; and it is further
“ORDERED and ADJUDGED that respondent shall be placed upon probation for a period of three years during which time he is required to file with the chairman of the Eleventh Judicial Circuit Grievance Committee ‘C’ at the beginning of each calendar quarter a report of all new personal injury and accident cases wherein he or his law firm are employed as counsel. Said report will set forth the names and addresses of his clients and describe the circumstances under which his representation of each of them arose.”
The Board of Governors further ordered respondent to pay additional costs incurred in the amount of $226.33.
The record and judgment of the Board of Governors of The Florida Bar have been examined by this court. It is accordingly ordered and adjudged that the judgment of the Board of Governors of The Florida Bar, dated October 4, 1963, that respondent, Jay A. Swidler, is guilty as charged and that he be publicly reprimanded and placed on probation for a period of three years, be, and the same is approved and adopted as the judgment of this court. It is further ordered that respondent comply with the order of the Board of Governors in reference to filing reports during the period of his probation, and paying costs in the amount of $226.33.
DREW, C. J., and THOMAS, ROBERTS, THORNAL and ERVIN, JJ., concur.