PER CURIAM.
The record reveals that in December, 1962 the respondent, Jay A. Swidl.er, who is a member of The Florida Bar, and Renee Lewis were jointly sued in small claims court by a physician. The basis for the claim is unimportant.
Respondent agreed to represent Miss Lewis in defense of the claim. He failed to do so and a default judgment was en-téred against both respondent and Miss Lewis on March 19, 1963. Thereafter respondent had the default vacated as to himself only. After several demands for payment by the judgment creditor Miss Lewis complained to a grievance committee of The Florida Bar.
Thereafter, on March 9, 1963, the respondent received a copy of the grievance *706 committee’s recommendations that charges be preferred against him.
On June IS, 1964 a hearing was had by a referee on the Bar’s complaint.
At this hearing the respondent withdrew his answer earlier filed and pled guilty to violation of Canon 44, Ethics Governing Attorneys, 31 F.S.A., and Rules 27 and 30, Additional Ethics Governing Attorneys, 31 F.S.A. Evidence produced at this hearing showed that respondent negotiated a settlement of the judgment against Miss Lewis and transmitted a check to the attorney for the judgment holder on March 11, 1963 in return for a general release, satisfaction of judgment and related papers. Respondent could not however state that the judgment had yet been satisfied of record.
The referee recommended that respondent be given a private reprimand. On review the Board of Governors entered a judgment ordering that the respondent be suspended from the practice for a period of three months and thereafter until the subject judgment be satisfied of record. In its judgment, dated November 6, 1964, the Board of Governors stated that it had taken into consideration a former judgment of probation against the respondent “which has not heretofore been published.” The above quoted portion of the judgment is incorrect. The opinion of this Court in the former proceedings against this respondent was filed on January 22, 1964 and published at 159 So.2d 865.
Nevertheless, we think the Board of Governors properly considered respondent’s prior transgressions in determining the discipline to be administered in this case.
The record shows that during the period in which he neglected to represent Miss Lewis’ interests he knew of the disciplinary proceedings which led to this Court’s opinion above cited. In fact, in his affidavit filed in this Court with a “Motion to Complete Record”, respondent gives “the pressures of the pending disciplinary matter” and worry over it, as one of the reasons for his failure to give proper attention to the defense and then settlement of the suit against his client, Miss Lewis.
The facts of this case demonstrate gross dereliction of duty of an attorney to his client at a time when the attorney well knew that his conduct was under investigation by The Florida Bar. Despite these warning signals he allowed judgment to be entered by default against his client and himself, and although he promptly acted to vacate the judgment as to himself he did nothing to vacate that against his client. Furthermore, for almost a year, during which his client had been harassed by the judgment holder, he did nothing to remedy the harmful result of his dereliction of duty.
He did not settle the judgment against Miss Lewis until after he had received a copy of the adverse recommendations of the grievance committee. In the interim he had been publicly reprimanded by this Court and placed on probation for three years. Nevertheless, at the time of the hearing before the referee in June, 1964 he was still unable to state with certainty whether the judgment against his client had been satisfied of record.
In view of all the attendant circumstances it does not appear that another reprimand, private or public, would be adequate to impress upon the respondent the total devotion to the interest of a client which membership in the legal profession rightfully demands of the lawyer.
It is inevitable that lawyers being human beings, and therefore fallible, will make mistakes that may harmfully affect their clients. When this occurs and it is clear that the attorney was at fault, as was admitted in this case, the attorney must act with dispatch to rectify his error with least inconvenience and harm to his client. The respondent wholly failed to meet this requirement. It is significant that the total amount of the judgment involved was $200, *707 plus costs — it was settled for $100.00 — and the respondent was not in poor financial circumstances.
We agree with the Board of Governors that the respondent should be suspended from the practice of law, but are of the opinion that a suspension for 30 days and until he shall demonstrate to the Board of Governors that the judgment against Miss Lewis has been satisfied of record should be adequate. In addition the respondent must pay the costs of this proceeding.
It is so ordered.
DREW, C. J., and ROBERTS, O’CON-NELL and BARNS (Retired), JJ., and McCORD, Circuit Judge, concur.