PER CURIAM.
On February 9, 1967, Jay A. Swidler, a member of The Florida Bar since 1958, filed with this court a Petition for Review of a judgment of the Board of Governors of The Florida Bar which involved two separate complaints directed to noncompliance with prior orders of this court.
On January 22, 1964, in State ex rel. The Florida Bar v. Swidler, Fla., 159 So.2d 865, the court reprimanded respondent for solicitation of personal injury cases and ordered him, as a condition of probation, to file written reports with the chairman of the Eleventh Judicial Circuit Grievance Committee “C”. Subsequently, in an unrelated case, The Florida Bar v. Swidler, Fla., 173 So.2d 705, we found that respondent was derelict in his duty as an attorney because he “allowed judgment to be entered by default against his client and himself, and although he promptly acted to vacate the judgment as to himself he did nothing to vacate that against his client. Furthermore, for almost a year, during which his client had been harassed by the judgment holder, he did nothing to remedy the harmful result of his dereliction of duty.” He was thereupon suspended for thirty days and ordered to satisfy the judgment of record against his client and pay the costs of the proceedings. For the third time in the pro- *714 ceedmgs under consideration here the Grievance Committee of the Bar was called upon to investigate alleged violations by respondent. After investigation the Committee determined “that the evidence of respondent practicing law during the period of the thirty day suspension was not of such magnitude as might justify further disci- • plinary activity by The Florida Bar.” However, it found that respondent had not complied with the court’s order placing him on probation in the first case, and that he failed to observe the conditions of such probation. The Board then, considering respondent’s conduct as an attorney in all of the proceedings against him, directed that he be suspended for a period of one year and until he should demonstrate rehabilitation and fitness to resume the practice of law and ordered him to pay the costs of the proceedings.
The report of The Board of Governors of The Florida Bar styled “Judgment” is in effect a report akin to a Master’s Report in a chancery matter and the final orders or judgments in cases of this kind under the Florida Constitution must be entered by this court.
We, therefore, have examined the record, the briefs and respondent’s Petition for Review and the “Judgment”, and think that the Board of Governors properly considered respondent’s prior transgressions in making final disposition in this case.
We agree with the Board of Governors that the respondent should be suspended from the practice of law, but are of the opinion that a suspension for a period of six months is adequate on the record now before us.
Accordingly, the respondent Jay A. Swid-ler is hereby suspended from the practice of law for a term of six months from the date this decision becomes final and thereafter until he shall demonstrate to the Board of Governors and this Court that he is entitled to be reinstated under the Integration Rule. In addition he shall pay the costs of the instant proceeding.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS, DREW and O’CONNELL, JJ., concur.